UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRANCE BAILEY,

       Petitioner,

                                      Case No. 19-13466
v.                                      Honorable Thomas L. Ludington

WILLIS CHAPMAN,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS,* DENYING PETITIONER'S PETITION FOR RELIEF FROM JUDGMENT (14-12440), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING IFP ON APPEAL**

Petitioner Terrance Bailey, a state prisoner at the Macomb Correctional Facility in Lenox Township, Michigan, recently filed a "certificate of prisoner account activity" (ECF No. 2)[1] and a "petition for relief from [void] judgment pursuant to Fed. R. Civ. P. 60(b)(1) & (4)." ECF No. 1. The Rule 60(b) petition seeks relief from this Court's opinion and judgment dismissing Bailey's 2014 habeas corpus petition as time-barred. *See Bailey v. MacLaren*, No. 14-cv-12440 (E.D. Mich. Feb. 20, 2015). Bailey claims that the Court mistakenly failed to consider the state trial court's lack of subject matter jurisdiction when the Court dismissed his habeas petition. This claim is untimely and meritless. Accordingly, the Rule 60(b) petition will be denied. Additionally, the application to proceed *in forma pauperis* (ECF No. 2) will be denied.

---

[1] Although Bailey did not file an application for leave to proceed *in forma pauperis*, the Court construes his "certificate of prisoner account activity" as an application to proceed *in forma pauperis*.

# I.

Bailey is serving lengthy prison terms for two Wayne County Circuit Court cases. In case number 2006-006406-01, he was convicted of four counts of first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520b(1)(c), one count of second-degree CSC, Mich. Comp. Laws § 750.520c(1)(c), and one count of kidnapping, Mich. Comp. Laws § 750.349. The trial court sentenced Bailey to concurrent prison terms of 30 to 50 years for the kidnapping and first-degree CSC convictions and 10 to 15 years for the second-degree CSC conviction.

In case number 2006-008894-01, Bailey was convicted of two counts of first-degree CSC and one count of kidnapping. The trial court sentenced Bailey as a fourth habitual offender to three concurrent terms of 40 to 60 years in prison.

The Michigan Court of Appeals consolidated Bailey's cases on appeal and affirmed his convictions in both cases, but remanded for re-sentencing in one case and for correction of the judgment of sentence in the other case. *See People v. Bailey*, Nos. 276424 and 276593, 2009 WL 1439112 (Mich. Ct. App. May 21, 2009). On July 2, 2009, the trial court re-sentenced Bailey, and on October 26, 2009, the Michigan Supreme Court denied Bailey's applications for leave to appeal. *See People v. Bailey*, 773 N.W.2d 674 (Mich. 2009); *People v. Bailey*, 773 N.W.2d 694 (Mich. 2009).

Bailey sought further post-conviction relief without success in state court, and in 2014, he filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. He claimed that:

> I. The Michigan Supreme Court denied [him] his Fourteenth Amendment rights to be heard where [he] demonstrated the circuit judge was without subject matter jurisdiction, and the prosecutor was without authorization to proceed in filing the Information where no return to circuit court was certified and transmitted to the court which [he] was to appear before after his preliminary examination;

> II. The Michigan Supreme Court denied [him] the right to be heard where [he] demonstrated a very strong possibility of his innocence, violating his Eight (sic) Amendment rights forbidding cruel and usual punishment; and
>
> III. [He] was denied effective assistance of trial and appellate counsel violating his Sixth Amendment right to counsel.

*Bailey v. Maclaren*, No. 14-cv-12440 (E.D. Mich. June 23, 2014) (ECF No. 1, PageID. 12).

On February 20, 2015, this Court granted the State's motion for summary judgment and dismissed the habeas petition due to Bailey's failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *See Bailey v. MacLaren*, No. 14-cv-12440 (E.D. Mich. Feb. 20, 2015) (ECF No. 10). Bailey applied for a certificate of appealability in the United States Court of Appeals for the Sixth Circuit, but the Sixth Circuit denied his application and his petition for rehearing. *See Bailey v. MacLaren*, No. 15-1363 (6th Cir. Aug. 17, 2015, and Jan. 11, 2016).

Bailey then pursued additional state remedies without success, and on November 22, 2019, he filed his petition seeking relief from judgment pursuant to Rule 60(b)(1) and (4). He claims that he is being detained pursuant to a void judgment because (1) the state circuit court lacked subject matter jurisdiction in his criminal case and (2) the proper procedures were not followed before his criminal case was transferred from state district court to state circuit court. He contends that this Court should have addressed those issues when ruling on his habeas corpus petition.

**II.**

Federal Rule of Civil Procedure 60(b), "allows a party to seek relief from a final judgment, and request reopening of his case under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The subsections under which Bailey brings his petition permit a federal court to relieve a party from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect" or when "the judgment is void." FED. R. CIV. P. 60(b)(1) and (4). A Rule 60(b) motion

"must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

Bailey filed his Rule 60(b) petition four years and nine months after the Court entered its judgment in his habeas case. Any arguments under Rule 60(b)(1) are untimely because the current petition was filed more than a year after the judgment in his habeas case, and any arguments under Rule 60(b)(4) are untimely because the current petition was not filed within a reasonable time. FED. R. CIV. P. 60(c)(1).

Even if this Court considered Bailey's current Rule 60(b) petition as timely and even if this Court had considered Bailey's jurisdictional claim when ruling on his habeas petition, the Court would have been required to reject the claim because, whether the state court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Willis v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). The Court also would have had to reject Bailey's claim about the procedures used before his case was assigned to the state circuit court, because the claim is based on alleged violations of state law. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

To conclude, Bailey's Rule 60(b) petition is untimely. In addition, he has failed to show that the Court's judgment in the habeas case is void or that the Court made a mistake in dismissing his habeas petition as time-barred and in failing to consider his state jurisdictional claim.

## III.

A certificate of prisoner account activity and affidavit provides that the average monthly deposits to Petitioner's prison account for the last twelve months was $44.61 and he had an average

monthly account balance of $13.82. The current spendable account balance at the time of the printout in June 2019 was $142.58. Petitioner did not include any additional information in his "application" for *in forma pauperis* status. 28 U.S.C. § 1915(a)(1) provides, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." Based on Petitioner's affidavit, certificate of account activity, and the lack of additional information about his assets or number of dependents, it appears he can pay the filing fee of $5.00 for this action.

Jurists of reason would not disagree with the resolution of Bailey's claims or conclude that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability is not warranted. Petitioner will not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* FED. R. APP. P. 24(a).

**IV.**

Accordingly, it is **ORDERED** that Petitioner's petition for relief from judgment, ECF No. 1, is **DENIED**.

It is further **ORDERED** that Petitioner's application for *in forma pauperis*, ECF No. 2, is **DENIED**. The agency having custody of Terrance Bailey shall collect the $5.00 filing fee and remit the funds to the Clerk of this Court.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

It is further **ORDERED** that the clerk is **DIRECTED** to link this case, 19-13466, with Petitioner's initial habeas petition, 14-12440, in CM/ECF.

Dated: January 15, 2020                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Terrance Bailey** #344268, MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, NEW HAVEN, MI 48048, Warden Willis Chapman, Macomb Correctional Facility, 34625 26 Mile Rd., Lenox Township, MI 48048 and Financial Department, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226 by first class U.S. mail on January 15, 2020.

                                           s/Kelly Winslow
                                           KELLY WINSLOW, Case Manager